UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Candyland, Inc., | Case No. _____ |
| Plaintiff, | |
| vs. | **COMPLAINT** <br> **(Jury Trial Demanded)** |
| Cornfields, Inc., | |
| Defendant. | |

Plaintiff Candyland, Inc. ("Candyland"), for its Complaint against Defendant Cornfields, Inc. ("Cornfields"), alleges as follows:

## **PARTIES**

1. Candyland is a Minnesota corporation having a principal place of business in St. Paul, Minnesota.

2. Upon information and belief, Cornfields is an Illinois corporation with its principal place of business in Waukegan, Illinois.

## **JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over the claims asserted in this action pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338, and 1367. The claims alleged in this Complaint arise under the Lanham Act, 15 U.S.C. § 1051, et seq., Minn. Stat § 325D.44, et seq., and Minnesota Common Law.

4. This Court has personal jurisdiction over Cornfields because Cornfields does significant business in the State of Minnesota.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (c)(2).

## FACTS

### Candyland's CHICAGO MIX® Popcorn

6. Candyland is a small-family owned business that has been in business for over 80 years and specializes in the sale of high-quality popcorn, candy and fine chocolates.

7. Candyland's popcorn comes in a variety of flavors and is popped fresh, hand-stirred, and bagged every day.

8. Candyland is the owner of federal trademark Registration No. 1,713,984 for the trademark CHICAGO MIX® for use in connection with flavored popcorn.

9. Specifically, Candyland uses its CHICAGO MIX® mark in connection with its combination of traditional seasoned popcorn mixed with caramel and cheddar flavored popcorns. Candyland's CHICAGO MIX® popcorn is one of the company's best sellers.

10. For over two decades, Candyland has been continually and exclusively using the CHICAGO MIX® mark nationwide in interstate commerce to identify its goods and distinguish its goods from those made and sold by others.

11. Due to the continual use of the CHICAGO MIX® mark by Candyland, the mark has acquired secondary meaning as indicating a single source of Candyland's goods. The CHICAGO MIX® mark has further come to indicate Candyland as the single source of such quality goods.

12. Candyland has expended considerable time, resources, and effort in promoting the CHICAGO MIX® mark and developing substantial goodwill associated therewith.

13. The CHICAGO MIX® mark is an extremely important asset to Candyland and Candyland has enforced the mark against infringers and potential infringers.

### Cornfields' Infringing "CHICAGO MIX" Popcorn

14. Upon information and belief, Cornfields is a business in the private label snack market.

15. Upon information and belief, Cornfields manufactures traditional and organic popcorn products in a variety of flavors, including a line of flavored popped popcorn products under the G.H. CRETORS® trademark.

16. Upon information and belief, Cornfields' G.H. CRETORS® line of flavored popcorn is sold in stores throughout the United States, including Minnesota. In Minnesota, the G.H. CRETORS® line is sold in stores such as Whole Foods, Costco, and Hy Vee.

17. Upon information and belief, consumers can also purchase G.H. CRETORS® popcorn directly from the G.H. CRETORS® website, www.ghcretors.com.

18. Upon information and belief, Cornfields' G.H. CRETORS® line consists of a number of flavors of popcorn, including a combination of cheese and caramel corn mixed together, which Cornfields refers to as "CHICAGO MIX."

19. The "CHICAGO MIX" mark used in connection with Cornfields' G.H. CRETORS® flavored popcorn is identical to Candyland's CHICAGO MIX® mark.

20. Without Candyland's permission, authorization, approval or consent, and with actual knowledge of Candyland's prior rights in its CHICAGO MIX® trademark, Cornfields commenced use of the confusingly similar "CHICAGO MIX" mark in connection with flavored popcorn.

21. Cornfields' use of the "CHICAGO MIX" mark in connection with its flavored popcorn is likely to cause confusion, mistake, or deception. Consumers have and are likely to continue to mistakenly believe that the flavored popcorn Cornfields offers as "CHICAGO MIX" is sponsored, endorsed, or approved by Candyland, or is in some other way affiliated, connected, or associated with Candyland, all to the detriment of Candyland.

22. Upon information and belief, unlike Candyland's popped popcorn, which is popped fresh, hand-stirred, and bagged every day, the G.H. CRETORS® line is pre-bagged and shipped to various stores throughout the country for sale to the consumer

23. Upon information and belief, Candyland and Cornfields target the same class of consumer.

24. Upon information and belief, Cornfields markets its G.H. CRETORS® popcorn in the same channels of trade used by Candyland to market its CHICAGO MIX® flavored popcorn.

25. Candyland has demanded that Cornfields cease all use of the "CHICAGO MIX" mark in connection with Cornfields' sale of flavored popcorn, but Cornfields has refused. Despite Candyland's objection, Cornfields continues to use the identical and confusingly similar "CHICAGO MIX" mark in connection with closely related products.

26. Upon information and belief, Cornfields intentionally adopted the confusingly similar "CHICAGO MIX" mark and incorporated in order to trade off the goodwill Candyland has created in its CHICAGO MIX® mark.

### Cornfield's Disparagement of Candyland

27. On August 1, 2014, and in recognition of Candyland's CHICAGO MIX® mark, Facebook removed Cornfield's improper use of the "CHICAGO MIX" mark in connection with Cornfield's promotion of its flavored popcorn through social media channels.

28. Then next day, August 2, 2014, "Zoe L." posted the following on Yelp.com:

> Hate to break the candy-coated facade, but this company's ownership is completely out of whack. I held great nostalgia and respect for Candyland until a recent encounter with the business owner-- their communications with me were completely unprofessional, aggressive and misplaced. If you care about how businesses are run, think twice before visiting this storefront.
>
> I'll opt for a bag of Cretor's Chicago Mix in the future, theirs is actually better (guaranteed never stale!) and delicious. I personally vow to spend my hard-earned money elsewhere.

29. Upon information and belief, Zoe L. is sponsored by, affiliated with, an agent of, or employed by Cornfield.

### COUNT I
### (Trademark Infringement of a Registered Mark)
### (Lanham Act § 32, 15 U.S.C. § 1114)

30. Candyland restates and incorporates by reference the allegations in the previous paragraphs of this Complaint.

31. Cornfields' unauthorized use of the "CHICAGO MIX" mark in connection with flavored popcorn is likely to cause confusion, cause mistake, or to deceive as to the affiliation, connection, or association of Cornfields with Candyland, or as to the origin, sponsorship, or approval of Cornfields' popcorn products by Candyland. This unauthorized use of "CHICAGO MIX" constitutes trademark infringement under 15 U.S.C. § 1114.

32. Cornfields' unlawful actions have caused, and will continue to cause, Candyland irreparable harm unless enjoined.

33. Cornfields has profited from its unlawful actions and has been unjustly enriched to the detriment of Candyland. Cornfields' unlawful actions have caused Candyland monetary damage in an amount presently unknown, but in an amount to be determined at trial.

**COUNT II**
**(Federal Unfair Competition)**
**(Lanham Act § 43(a), 15 U.S.C. § 1125(a))**

34. Candyland restates and incorporates by reference the allegations in the previous paragraphs of this Complaint.

35. Cornfields' unauthorized use of "CHICAGO MIX" in connection with flavored popcorn is a false designation of origin, false or misleading description of fact, and a false or misleading representation of fact.

36. Cornfields' unauthorized use of "CHICAGO MIX" in connection with flavored popcorn is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Cornfields with Candyland, or as to the origin,

sponsorship, or approval of Cornfields' flavored popcorn or commercial activities by Candyland.

37. Cornfields' unlawful actions have caused, and will continue to cause, Candyland irreparable harm unless enjoined.

38. Cornfields has profited from its unlawful actions and has been unjustly enriched to the detriment of Candyland. Cornfields' unlawful actions have caused Candyland monetary damage in an amount presently unknown, but in an amount to be determined at trial.

## COUNT III
**(Minnesota Deceptive Trade Practices Act)**
**(Minn. Stat. § 325D.44, et seq.)**

39. Candyland restates and incorporates by reference the allegations in the previous paragraphs of this Complaint.

40. Cornfields' unauthorized use of the "CHICAGO MIX" mark in connection with flavored popcorn is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Cornfields with Candyland, or as to the origin, sponsorship, or approval of Cornfields' flavored popcorn or commercial activities by Candyland and constitutes unfair and deceptive trade practices under the Deceptive Trade Practices Act of the State of Minnesota.

41. Upon information and belief, Cornfields, in the course of business has disparaged the goods, services, and business of Candyland through false or misleading representations of fact.

42. Cornfields' unlawful actions have caused and will continue to cause Candyland irreparable harm unless enjoined, and its actions also create a risk of future harm.

43. Cornfields has profited from its unlawful actions and has been unjustly enriched to the detriment of Candyland. Cornfields' unlawful actions have caused Candyland monetary damage in an amount presently unknown, but in an amount to be determined at trial.

## COUNT IV
### (Common Law Unfair Competition)

44. Candyland restates and incorporates by reference the allegations in the previous paragraphs of this Complaint.

45. Cornfields' unauthorized use of the "CHICAGO MIX" mark in connection with flavored popcorn is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Cornfields with Candyland, or as to the origin, sponsorship, or approval of Cornfields' flavored popcorn or commercial activities by Candyland and constitutes common law unfair competition under Minnesota state law.

46. Cornfield's disparagement of Candyland constitutes common law unfair competition.

47. Cornfields' unlawful actions have caused, and will continue to cause, Candyland irreparable harm unless enjoined.

48. Cornfields has profited from its unlawful actions and has been unjustly enriched to the detriment of Candyland. Cornfields' unlawful actions have caused

Candyland monetary damage in an amount presently unknown, but in an amount to be determined at trial.

## CONCLUSION

**WHEREFORE**, Candyland prays that the Court enter judgment:

1. In favor of Candyland and against Cornfields on all of Candyland's claims;

2. Permanently enjoining and restraining Cornfields, its parent company, subsidiaries, affiliates, sister companies, officers, agents, servants, employees, attorneys, and all others in active concert or participation with Cornfields from:

   A. Using the mark "CHICAGO MIX" or any confusingly similar designation alone or in combination with other words or designs, as a trademark, trade name component or otherwise, to market, advertise, or identify goods and services not produced or authorized by Candyland;

   B. Unfairly competing with Candyland in any manner whatsoever;

   C. Causing likelihood of confusion or injury to business reputation of the distinctiveness of Candyland's CHICAGO MIX® mark; and

   D. Committing any other act that infringes Candyland's CHICAGO MIX® mark or constitutes an act of trademark or service mark infringement, contributory infringement, or unfair competition under federal common law or Minnesota state law.

3. Requiring Cornfields to deliver up, or cause to be delivered up, for destruction all labels, signs, prints, packages, wrappers, receptacles, advertisements, and

all other materials in Cornfields' possession or control that infringe Candyland's CHICAGO MIX® mark;

4. Requiring Cornfields to account for and pay over to Candyland the amount of Candyland's damages pursuant to 15 U.S.C. § 1117;

5. Requiring Cornfields to account for and pay over to Candyland the amount of Cornfields' profits pursuant to 15 U.S.C. § 1117;

6. Requiring Cornfields to account for and pay over to Candyland the costs of the action pursuant to 15 U.S.C. § 1117;

7. Finding this case is exceptional and trebling any damage award pursuant to 15 U.S.C. § 1117;

8. Finding this case is exceptional and requiring Cornfields to pay over to Candyland its attorneys' fees incurred in connection with this case pursuant to 15 U.S.C. § 1117;

9. Requiring Cornfields to account for and pay over to Candyland the amount of Candyland's damages, together with costs and disbursements, including costs of investigation and reasonable attorneys' fees;

10. Requiring Cornfields to pay Candyland pre- and post- judgment interest, pursuant to Minn. Stat. § 549.09; and

11. Awarding Candyland such other relief as the Court may deem just and equitable.

Respectfully submitted,

WINTHROP & WEINSTINE, P.A.

Dated: August 7, 2014

s/David A. Davenport
David A. Davenport, #285109
Erin O. Dungan, #386430

3500 Capella Tower
225 South Sixth Street
Minneapolis, MN 55402
Tel: (612) 604-6400
Fax: (612) 604-6800
E-Mail: ddavenport@winthrop.com
        edungan@winthrop.com

*Attorneys for Plaintiff Candyland, Inc.*

9371407v2