# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Candyland, Inc.,<br><br>                Plaintiff,<br><br>v.<br><br>Cornfields, Inc.,<br><br>                Defendant. | Civ. No. 14-3119 (RHK/BRT)<br><br>**MEMORANDUM OPINION AND ORDER** |
| Candyland, Inc.,<br><br>                Plaintiff,<br><br>v.<br><br>Snyder's-Lance, Inc.,<br><br>                Defendant. | Civ. No. 14-3128 (RHK/BRT) |

Erin O. Dungan, David A. Davenport, Winthrop & Weinstine, P.A., Minneapolis, Minnesota, for Plaintiff Candyland, Inc.

Jonathan S. Parritz, Maslon Edelman Borman & Brand, LLP, Minneapolis, Minnesota, Kevin J. McDevitt, Richard B. Biagi, Neal & McDevitt, LLC, Northfield, Illinois, for Defendant Cornfields, Inc.

Anthony R. Zeuli, Merchant & Gould, P.C., Minneapolis, Minnesota, Ian G. McFarland, Merchant & Gould, P.C., Knoxville, Tennessee, for Defendant Snyder's-Lance, Inc.

## INTRODUCTION

In these actions, Candyland, Inc. ("Candyland") has sued Cornfields, Inc. ("Cornfields") (Civ. No. 14-3119) and Snyder's-Lance, Inc. ("Snyder's-Lance") (Civ. No. 14-3128), alleging trademark infringement and unfair competition through

Defendants' use of the trademark "Chicago Mix."  Cornfields and Snyder's-Lance have filed counterclaims against Candyland, including for deceptive trade practices in violation of Minn. Stat. § 325D.44, et seq.; unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a); and defamation.  Candyland now moves to dismiss these counterclaims.  For the following reasons, the Motions will be granted in part and denied in part.

## BACKGROUND

Candyland is a Minnesota business that sells popcorn, candy, and chocolate. (Compl. ¶ 6.)  One product it sells is a mixture of traditional, caramel, and cheddar popcorn called "Chicago Mix."  (Id. ¶ 9.)  Candyland has registered the trademark "Chicago Mix."  (Cornfields Countercl. ¶ 10.)  Cornfields, an Illinois company, also sells popcorn called "Chicago Mix," under its G.H. CRETORS brand.  (Id. ¶ 16.)  And Snyder's-Lance, a company that sells snack food across the United States, also sells popcorn called "Chicago Mix" under its O-KE-DOKE brand.  (Snyder's-Lance Countercl. ¶¶ 9, 19.)  Candyland sued Cornfields and Snyder's-Lance in August 2014 because of each company's use of the mark.

Cornfields and Snyder's-Lance responded by asserting nine and eight counterclaims, respectively, against Candyland.  Three of each party's counterclaims are at issue in this Motion.  According to the Defendants, Candyland made false or misleading statements about them.  Specifically, Cornfields and Snyder's-Lance allege Candyland wrote on its website "Chicago mix [sic] Trademark Information" (located at www.chicagomix.com/trademark.html) that they are "'corporate sharks' and 'shameful

companies' out to 'steal the trademark and use it at their discretion, punishing the entire nation with over-priced, bad tasting, unappetizing, tainted mixtures of popcorn.'" (Cornfields Countercl. ¶ 93; Snyders-Lance Countercl. ¶ 57.)  On the same website, Cornfields alleges Candyland wrote that Cornfields produces "'knock off products' that are 'infringing' Candyland's alleged rights in Chicago Mix" (Cornfield's Countercl. ¶ 94), and Snyder's-Lance alleges Candyland wrote, "Snyders of Hanover aka Jay's Potato Chips aka Okedoke aka Gross! I mean lets [sic] be honest, is it even popcorn?" (Snyder's-Lance Countercl. ¶ 58).  Cornfields also alleges that Candyland 1) accused it of "producing 'inferior products' that 'degrade the brand'" in an article on the website twincities.com (Cornfields Countercl. ¶ 95); 2) accused it and others of "stealing the name" "Chicago Mix" in the book Candyland in the Twin Cities (id. ¶ 96); and 3) wrote an email to bloggers that included the following:  "We are doing whatever we can to protect the origin, history and integrity of the Chicago Mix® trademark- We are just protecting something that is being stolen from us, as would anyone else!"  (id. ¶ 98).

In their counterclaims, Defendants allege these statements are defamatory and violate the Minnesota Deceptive Trade Practices Act (DTPA), Minn. Stat. § 325D.44, et seq., and the Lanham Act, 15 U.S.C. § 1125(a).  Candyland then filed the instant Motions to Dismiss these counterclaims.  The Motions have been fully briefed and are ripe for disposition.

## STANDARD OF DECISION

The Supreme Court set forth the standard for evaluating a motion to dismiss in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S.

662 (2009).  To avoid dismissal, a complaint (or in these cases, a counterclaim) must include "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 547.[1]  A "formulaic recitation of the elements of a cause of action" will not suffice.  Id. at 555.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 556).

When reviewing a motion to dismiss, the Court "must accept [the] plaintiff[s]'s specific factual allegations as true but [need] not . . . accept a plaintiff[s]'s legal conclusions."  Brown v. Medtronic, Inc., 628 F.3d 451, 459 (8th Cir. 2010) (citing Twombly, 550 U.S. at 556).  The counterclaim must be construed liberally, and any allegations or reasonable inferences arising therefrom must be interpreted in the light most favorable to the plaintiffs.  Twombly, 550 U.S. at 554-56.  A counterclaim should not be dismissed simply because the Court is doubtful the plaintiffs will be able to prove all of the necessary factual allegations.  Id. at 556.  Accordingly, a well-pleaded counterclaim will survive a motion to dismiss even if it appears recovery is very remote and unlikely.  Id.  "Finally, the [counterclaim] should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible."  Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009).

---

[1] As all parties recognize, Twombly and Iqbal apply to counterclaims.  U.S. Bank Nat'l Ass'n v. Educ. Loans Inc., Civ. No. 11-1445, 2011 WL 5520437, at *6 n.4 (D. Minn. Nov. 14, 2011) (Kyle, J.).

ANALYSIS

1. Defamation and Defamation Per Se (Cornfields Counterclaim IX; Snyder's-Lance Counterclaim VIII)

Cornfields and Snyder's Lance each bring a defamation claim against Candyland. A statement is defamatory when it 1) is communicated to someone other than the plaintiff, 2) is false, and 3) tends to harm the plaintiff's reputation and lowers plaintiff in the estimation of the community. Stuempges v. Parke, Davis & Co., 297 N.W.2d 252, 255 (Minn. 1980).[2] The only contested element here is the second one. To state a claim, Cornfields and Snyder's-Lance must allege Candyland made a statement that is capable of being proven false. Nat'l Broom Co. of Calif. v. Target Corp., Civ. No. 12-1201, 2012 WL 4856295, at *5 (D. Minn. Oct. 12, 2012) (Kyle, J.). Whether a statement is capable of being proven false is determined by evaluating four factors: 1) precision and specificity of the disputed statement; 2) verifiability; 3) literary and social context; and 4) public context. Janklow v. Newsweek, Inc., 788 F.2d 1300, 1302-03 (8th Cir. 1986); see also Geraci v. Eckankar, 526 N.W.2d 391, 397 (Minn. Ct. App. 1995).

Candyland argues its alleged statements are not capable of being proven false; Cornfields and Sndyer's-Lance argue the opposite.[3] In the Court's view, Candyland has the better argument for nearly all of the alleged statements. Most are not capable of

---

[2] The parties agree that Minnesota law is the applicable state law in this case.

[3] Cornfields and Snyder's-Lance also argue that the *allegations* they make in their counterclaims that the statements were provably false satisfy the second element of their defamation claims at the motion-to-dismiss stage; that is, the Court should not assess the nature of the statements themselves, but simply accept the allegation of falsity. But the Court may look to the statements themselves, because whether a statement is provably false is a matter of law for the Court. Geraci, 526 N.W.2d at 397.

being proven false because they are neither precise nor verifiable. Specifically, there is no objective standard against which to measure whether Snyder's-Lance or Cornfields is really a "corporate shark" or a "shameful company," as allegedly written on the Chicago mix Trademark Information website. Rather, these statements are general expressions of Candyland's negative feelings about the companies' characters. See Geraci, 526 N.W.2d at 397-98 (holding that "a bad influence" and "not a team player" were not factual statements but interpretations of character). Likewise, calling the popcorn of each company "over-priced," "bad tasting," and "unappetizing," as well as calling Snyder's-Lance's popcorn "gross" and Cornfields' popcorn "inferior products" that "degrade the brand," are simply statements of judgment about the low quality of the popcorn, not precise facts that can be empirically verified.

Calling the Cornfields and Snyder's-Lance popcorn "tainted" on the Chicago mix Trademark Information website similarly cannot be proven false. While the word could have a technical connotation of spoiled or rotten food, the Court believes that in context, the term emphasizes Candyland's disrespect for the general quality of Cornfields' and Snyder's-Lance's popcorn. "Tainted" follows words like "bad tasting" and "unappetizing"—in Cornfields' counterclaim it also follows the hyperbolic "punishing the nation," and in Snyder's-Lance's counterclaim it precedes the hyperbolic "is it even popcorn?"—emphasizing that Candyland dislikes the product, but not suggesting it actually thinks the product is unfit for human consumption. Calling Cornfields' popcorn a "knock-off product," and asking whether Snyder's-Lance's product was even popcorn, are opinions for a similar reason. The context of the statements on the website as alleged

6

in the counterclaims make clear, in the Court's view, that these statements are meant to suggest that Cornfields' and Snyder's-Lance's popcorn simply tastes bad.

One type of statement, however, is potentially capable of being proven false: Candyland's claims that Cornfields and Snyder's-Lance are stealing its trademark. Cornfields and Sndyer's-Lance allege Candyland made that claim on the Chicago mix Trademark Information website, and Cornfields further alleges Candyland made that claim in the Candyland book and in its communications with bloggers. Here the Court finds helpful the analysis in Insignia Systems, Inc. v. News America Marketing In-Store, Inc., Civ. No. 04-4213, 2007 WL 2893374, at *3-4 (D. Minn. Sept. 28, 2007) (Tunheim, J.) (discussing a motion to dismiss for lack of provable falsity). Insignia explained that courts have disagreed whether statements about the legality of a party's action are opinions or can be proven false, and held that context is vital to making that decision. Id. at *4. The Court said a statement is provably false if "a speaker is aware that statements are either untrue or unsupported conclusions not based on the prevailing law" but it is opinion if "the speaker is only opining on unsettled areas of the law." Id. at *4. Insignia held that at the motion-to-dismiss stage, the plaintiff had alleged that the defendant knew its statements were untrue, and thus it had stated a claim.

The situation is similar here. According to the counterclaims, Candyland asserted that Cornfields and Snyder's-Lance stole its trademark, implying an illegal activity. Unlike the other statements alleged in the counterclaims, the Court cannot determine whether these statements are provably false simply by examining the statements themselves. Rather, whether they are provable or simply an interpretation of Cornfields'

7

and Snyder's-Lance's behavior depends on the context of the statements, and in fact whether Cornfields and Snyder's-Lance "stole" Candyland's trademark is a key question to be litigated in order for Candyland to prevail. But see Zecotek Imaging Sys. PTE Ltd. v. Saint-Gobain Ceramics & Plastics, Inc., No. 5:12-cv-1533, 2012 WL 809183, at *4 (N.D. Ohio Feb. 28, 2014) (holding that use of the word "stealing . . . indicates a statement of fact, not opinion," without further considering context). Cornfields and Snyder's-Lance allege in their counterclaims that Candyland made those statements knowing they were false.[4] Those allegations suffice, at this stage of the proceedings, to plausibly claim that Candyland made a false statement. Insignia, 2007 WL 2893374, at *4. This is not to say the statements are necessarily provable as false; Candyland could put forth evidence in the future demonstrating they were opinion. See Insignia Sys. Inc. v. News Am. Mktg. In-Store, Inc., 661 F. Supp. 2d 1039, 1070-71 (D. Minn. 2009) (Tunheim, J.) (holding that, once the context of the statement was fully examined at summary judgment, defendant's statement was an opinion). Evidence could also demonstrate the statements were, in fact, true. At this stage, however, the Court will dismiss the defamation counterclaims as to all statements except that Cornfields and Snyder's-Lance stole Candyland's trademark.[5]

---

[4] The Court declines to accept the parties' invitation to make an assessment about the context of the statement based on the documents submitted in conjunction with their briefs. Stahl v. U.S. Dep't of Agric., 327 F.3d 697, 701 (8th Cir. 2003) (holding the Court has "complete discretion" whether to consider documents outside the pleadings when ruling on a motion to dismiss).

[5] The Court will not consider Candyland's alternative argument, that its claim that Defendants stole its trademark is not defamatory because it was true. That is a key question in Candyland's claims, and to credit Candyland's argument at this stage would be to assume its ultimate victory in the case. This also appears to be the thrust of Cornfield's argument that its claim is not ripe

2. Deceptive Trade Practices Act (Cornfields Counterclaim VII; Snyder's-Lance Counterclaim VI)

Candyland also moves to dismiss Cornfields' and Snyder's-Lance's DTPA claims. The DTPA provides that "[a] person engages in a deceptive trade practice when, in the course of business, vocation, or occupation, the person . . . disparages the goods, services, or business of another by false or misleading representation of fact." Minn. Stat. § 325D.44, subd. 1. As before, Candyland only argues that its statements were not false or misleading representations of facts, and the parties agree that the analysis of whether a statement is false or misleading is the same under the DTPA as it is for defamation. See also Redwood Cnty. Tel. Co. v. Luttman, No. C6-98-1284, 1998 WL 901752, at *2 (Minn. Ct. App. Dec. 29, 1998). The Court has already determined that most of Candyland's statements cannot be proven false, but Candyland's alleged assertions that Cornfields and Snyder's-Lance stole its trademark may be. Therefore, the Court will dismiss the DTPA counterclaims as to all statements except those that Cornfields and Snyder's-Lance stole Candyland's trademark.

3. Unfair Competition (Cornfields Counterclaim VIII; Snyder's-Lance Counterclaim VII)

Candyland also moves to dismiss Cornfields' and Snyder's-Lance's claims of unfair competition under the Lanham Act, 15 U.S.C. § 1125(a).[6] A Lanham Act claim

---

for dismissal because the underlying trademark issue has not yet been litigated. (Opp'n to Mot. to Dismiss, 4-5.)

[6] The Lanham Act creates liability against "[a]ny person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—(b) in commercial

9

has five elements, but only the first—that Candyland made false statements about Cornfields' and Snyder's-Lance's products in an advertisement—is at issue here. LensCrafters, Inc. v. Vision World, Inc., 943 F. Supp. 1481, 1488 (D. Minn. 1996) (Davis, J.). To satisfy this element, a statement must be literally false, or literally true but likely to mislead customers, but cannot be "puffery." Id. Ultimately, the analysis of what is a fact that can be false is the same under the Lanham Act and the DTPA. Id. at 1488. And as previously explained, nearly all of Candyland's statements cannot be proven false; only its alleged claims that Cornfields and Snyder's-Lance stole its trademark are potentially "capable of being proved false or of being reasonably interpreted as a statement of objective fact." Am. Italian Pasta Co. v. New World Pasta Co., 371 F.3d 387, 391 (8th Cir. 2004) (internal citations omitted). Therefore, the Court will dismiss the Lanham Act counterclaims as to all statements except those that Cornfields and Snyder's-Lance stole Candyland's trademark.

## CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Candyland's Motion to Dismiss Cornfields' counterclaims (Doc. No. 24 in Civ. No. 14-3119) and Motion to Dismiss Snyder's-Lance's counterclaims (Doc. No. 18 in Civ. No. 14-3128) are **GRANTED IN PART** and **DENIED IN PART**. Specifically, the Motions are

---

advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities." 15 U.S.C. § 1125(a).

(1) **DENIED** as to Cornfield's Counterclaims VII, VIII, and IX, and Snyder's-Lances's Counterclaims VI, VII, and VIII, regarding Candyland's claims that Cornfields and Snyder's-Lance stole its trademark, and

(2) **GRANTED** as to Cornfield's Counterclaims VII, VIII, and IX and Snyder's-Lances's Counterclaims VI, VII, and VIII, regarding all other statements by Candyland that Cornfields and Snyder's-Lance alleged in their counterclaims. Those counts are **DISMISSED WITH PREJUDICE** as to those statements.

Date: February 5, 2015

                                                  s/Richard H. Kyle
                                                  RICHARD H. KYLE
                                                  United States District Judge